UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. CRAIG SR.,<br><br>        Plaintiff,<br><br>   v.<br><br>RN FARIA, et al.,<br><br>        Defendants. | 1:15-cv-00183-DAD-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br>(ECF No. 11.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.  BACKGROUND**

Michael A. Craig Sr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 14, 2015.  (ECF No. 1.)  The Court screened the Complaint under 28 U.S.C. § 1915A and entered an order on February 11, 2016, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 10).  On March 10, 2016, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (ECF No. 11.)

**II.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### III. SUMMARY OF FIRST AMENDED COMPLANT

Plaintiff's First Amended Complaint lists five defendants: RN-Faria, T. Ordonez, M. Carrarquillo, D. Hermosillo, and RN-Martinez. (First Amended Complaint (FAC), ECF No. 11 at 2-3.) Plaintiff alleges that he received inadequate medical care and was denied access to the courts. He suffers from a medical issue regarding a rash that affects his skin, "comes and goes, and . . . travels throughout [his] body." (FAC at 3.) Plaintiff made two visits to RN-Faria regarding his skin condition before making at least three requests to see a dermatologist or specialist. (FAC at 4.) Plaintiff also says he was diagnosed with Valley Fever in 2012 by another doctor at another prison. (FAC at 3.) However, in May 2013, RN-Martinez told

///

Plaintiff he does not have Valley Fever, and an outside Dermatologist and a prison Doctor agreed that Plaintiff's skin condition was Psoriasis and not Valley Fever. (FAC at 9.)

In addition to these factual allegations, Plaintiff states a number of legal claims. He claims that prison officials were deliberately indifferent to his medical needs. He claims he was deprived of Due Process of the law. He claims that prison employees conspired to deprive him of his rights under the Eighth and Fourteenth Amendments. He claims he was denied Equal Protection. He claims his access to the Courts was impeded. He cites many legal standards that cover many types of constitutional claims.

Plaintiff states that he is enduring pain and suffering due to a lack of medical care. Specifically, Plaintiff alleges that his condition has worsened and this affects his ability to face everyday activities. (FAC at 9.) Plaintiff requests monetary damages, punitive damages, and injunctive relief. (FAC at 10.)

## IV.   EVALUATION OF PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

### A.  First Claim: Violation of Eighth Amendment- Deliberate Indifference to Serious Medical Needs

Plaintiff's first claim does not provide sufficient facts to state a claim under section 1983. Plaintiff alleges that he saw RN-Faria multiple times about the rash on his skin; made multiple requests to see a specialist before arrangements to do so were made; and was told by RN-Faria, a prison doctor, and an outside dermatologist that his condition was psoriasis despite being diagnosed with Valley Fever by a different prison doctor over two years earlier.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians

provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that he suffers from a persistent rash causing skin to slough off when he showers, sleeps, and wears clothing. Although Plaintiff claims an injury – that his condition has worsened as a result of his lack of medical care and that this impedes his ability to face every day activities – he does not allege facts demonstrating that RN-Faria or any other defendant was deliberately indifferent to his condition. RJN-Faria and other medical providers met with Plaintiff regularly to diagnose and treat his skin condition. A misdiagnosis, without more, may state a claim for negligence or medical malpractice, but does not rise to the level of a § 1983 claim. Plaintiff has not shown that any of the defendants knew of his skin condition and failed to provide him with medical care in a timely manner. Therefore, Plaintiff fails to state a medical claim under the Eighth Amendment against any of the defendants.

///

///

///

B. **Second Claim: Violation of First Amendment – Impeding Access to the Courts; Violation of Fourteenth Amendment – Due Process; Conspiracy; Equal Protection Violation**

Plaintiff's second claim does not provide sufficient facts to state a claim under section 1983. He does not explain exactly what each defendant did or failed to do or how each defendant was the cause of his injury. He alleges in general that there are widespread problems with the prison medical department and that employees of the prison abuse their authority in regard to inmates that are medicated or have insufficient knowledge of their rights to off-site health care treatment. He then alleges that unspecified defendants were conspiring to deprive him of his civil rights under the Eighth and Fourteenth Amendments. The only factual allegations Plaintiff states in support of these allegations are that the appeals council gave no explanation for screening out his appeal and that the diagnosis from the doctor in the prison in which he was previously housed was different than the diagnosis from those at the prison in which he is currently housed.

1. **First Amendment Violation - Impede Access to the Courts**

Prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement without direct interference from prison officials. Lewis v. Casey, 518 U.S. 343, 350 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011); Bounds v. Smith, 430 U.S. 817, 824–25 (1977). However, the right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To claim a violation of this right, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351. In other words, he must be able to show that the deprivation has directly impacted the relevant litigation in a manner adverse to him. Id. at 348 (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim"). While Plaintiff has a constitutional right to access the courts, the interferences complained of by Plaintiff must have

caused him to sustain an actual injury. Id. at 351; Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff claims that his First Amendment rights were violated during the prison appeals process. However, Plaintiff has not shown that any of the defendants' actions, or failure to act, during the prison appeals process, caused him actual prejudice with respect to pending litigation or a claim that he was unable to bring. The First Amended Complaint is devoid of any facts suggesting that Plaintiff suffered an injury impacting Plaintiff's litigation, such as the inability to meet a filing deadline or to present a claim. Therefore, Plaintiff fails to state a claim for denial of access to the courts.

### 2. Fourteenth Amendment Violation-Due Process

Plaintiff alleges that three appeals coordinators violated his rights to due process when they did not explain why his prison grievance supporting this litigation was screened out.

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Thus, since Plaintiff has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

Plaintiff alleges that his rights to due process were violated by defendants improperly processing his prison appeals. However, Plaintiff has neither a liberty interest, nor a

///

substantive right in inmate appeals. Therefore, he fails to state a cognizable due process claim for the processing and/or reviewing of his inmate appeals.

### 3. Conspiracy

Plaintiff alleges that defendants conspired against him. To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or meeting of the minds to violate constitutional rights, Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. (internal quotations and citations omitted). As such, a bare allegation that defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

Plaintiff's allegation that defendants conspired against him is conclusory, without any supporting facts. Plaintiff's Complaint is devoid of any facts suggesting any existence of an agreement or meeting of the minds. Therefore, Plaintiff fails to state a claim of conspiracy.

### 4. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Shakur v.

Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva, 658 F.3d at 1098.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

**thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 1, 2016**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE